## Tompkins v. North Cornwall Township

*Allen H. Krause*, for plaintiff.
*Meyer, Brubaker & Whitman*, for defendant.

GATES, P. J., January 3, 1966.—This matter is before us on defendant's preliminary objections to plaintiff's amended complaint in assumpsit.

Larry A. Tompkins filed a complaint in assumpsit against North Cornwall Township on January 19, 1965. The gist of his complaint is that he was employed as a part time police officer for the township and that he was entitled to the protection and benefits of the Wage Payment and Collection Law of July 14, 1961, P. L. 637, 43 PS §260.1, et seq.

On February 4, 1965, defendant filed preliminary objections in the nature of a demurrer and a motion to strike. Thereafter, on February 6, 1965, plaintiff filed an amended complaint in accordance with Pennsylvania Rule of Civil Procedure 1028 (c).

The amended complaint deletes the characterization of his employment as part time and merely avers that he was ". . . employed . . . as a police officer for said Township at a salary of twenty-five dollars ($25.00) per month". The amended complaint also reveals that defendant maintained a police force under the provisions of the Act of June 15, 1951, P. L. 586, sec. 1, 53 PS §811. This act is referred to in counsel's briefs as the Police Tenure Act and, while the designation as such is not clearly authorized by law, it correctly characterizes the object and purpose of the legislation.

Plaintiff, in his amended complaint, asks for damages for breach of the employment contract and for the failure to pay wages in compliance with the Wage Payment and Collection Law.

Plaintiff ordered the matter set down for argument, and we returned the complaint to plaintiff with leave to endorse thereon a notice to plead in compliance with Pa. R. C. P. 1026, and to re-serve defendant so that the issue raised by the original preliminary objections would be properly before us if the reasons for them existed despite the amended complaint. However, on June 18,

1965, preliminary objections to the amended complaint in the nature of a demurrer were filed, the matter was set down for argument and it is presently before us in this posture.

It was the rule at common law that the power to appoint includes the power to remove, and this led to the adoption of the Police Tenure Act. The act, reflecting public policy, was designed to protect policemen's tenure and prohibit their dismissal, except for the causes stated in the statute, after public hearing, and with the right of appeal to the courts.

The legislature in 1951 passed the Act of June 15, 1951, P. L. 586, 53 PS §811, et seq., which extended tenure to police forces of less than three members in townships of the second class. Under the provisions of this act, no person employed as a regular full time police officer in any police department of any township of the second class may be suspended or removed except for five reasons set forth in the act. The act further provides that a written statement of charges made against a policeman shall be furnished to him within five days after they are filed. Thereafter, on demand, the officer has a right to a public hearing. The hearing must be held within a period of 10 days from the filing of charges in writing, and a person so charged may be present at the hearing and represented by counsel. A written record of all testimony taken at such hearings must be filed with, and preserved by, the township, and the record must be sealed and not made available for public inspection in the event the charges are dismissed.

Section 5 of the act provides that the suspended or dismissed employe shall have the right to appeal to the court of common pleas of the county in which he was employed.

It is clear, therefore, that an action in assumpsit under the common law or under the Wage Payment and Collection Act does not lie. Since the validity and legal-

ity of the termination of employment is the basis upon which the suit is brought, that matter must be determined in the way provided for under the Police Tenure Act of 1951.

The Wage Payment and Collection Law of 1961 has as its purpose compelling employers to pay all wages due employes on regular paydays designated in advance by employers. It does not have as its purpose an additional remedy for determining the legality of the termination of an employment agreement. This is obvious, in that the act provides that a good faith dispute or contest as to the amount of wages due, or the good faith assertion of the right of setoff or counterclaim, shall be deemed a satisfactory explanation for nonpayment of any amount in dispute. Furthermore, the liquidated damages provision of the act is conditioned on the nonexistence of a contest or dispute.

It is evident from this complaint that a dispute does exist as to the entitlement of plaintiff to compensation. The understructure of this suit is an allegation by plaintiff that he was wrongfully or illegally discharged, and that he refused to accept the notice of discharge he received, since it was not in accordance with the requirements of the Police Tenure Act. The fact that plaintiff asserts in his complaint that there exists no good faith contest or dispute does not help him, since it is evident that there is. Therefore, the Wage Payment and Collection Law cannot be used as a basis for liability.

For the reasons hereinbefore stated, we are of the opinion that plaintiff has not stated a case in assumpsit, and defendant's demurrer ought to be sustained.

Therefore, we will make the following

ORDER

And now, to wit, January 3, 1966, defendant's demurrer to plaintiff's amended complaint is sustained.

The costs of this proceeding shall be paid by plaintiff.